**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **FRIENDSHIP BAPTIST CHURCH OF SAN ANTONIO** | § | **CIVIL ACTION** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | **NO. 5:22-cv-155** |
| | § | |
| **CHURCH MUTUAL INSURANCE COMPANY** | § | |
| | § | |
| | § | |
| **DEFENDANT.** | § | |

## NOTICE OF REMOVAL

Notice is hereby given that Defendant CHURCH MUTUAL INSURANCE COMPANY removes this action from the 225th Judicial District Court of Bexar County, Texas, to this Honorable Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 and, as grounds for removal, state as follows:

## STATE COURT ACTION

1.      Plaintiff Friendship Baptist Church of San Antonio, through its counsel Shaun Hodge, filed Plaintiff's Original Petition in the 225th Judicial District Court of Bexar County, Texas, in an action styled "Friendship Baptist Church of San Antonio v. Church Mutual Insurance Company," Cause No. 2022CI00772 (the "State Court Action"). The State Court Action was filed against Defendant Church Mutual Insurance Company ("Church") on January 13, 2022. Church was served on or about January 26, 2022. This removal is being filed prior to Defendant's answer deadline.

## PAPERS FROM REMOVED ACTION

2.      Pursuant to 28 U.S.C. § 1446(a), at the time of this removal, Plaintiff is filing an Index of State Court Records containing a true and correct copy of the entire file from the State Court Action.

3.      Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Defendant is simultaneously (a) serving Plaintiff with a copy of this Notice of Removal, and (b) filing a copy of the Notice of Removal in the District Court of Bexar County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

4.      In accordance with 28 U.S.C. §§ 1446(b), this Notice of Removal has been timely filed.  Defendant was served on January 26, 2022 with the summons and Original Petition.  This Notice of Removal is being filed within thirty (30) days after Defendant was served with the summons and Original Petition, and has been filed within one year of the commencement of the State Court Action.

## VENUE

5.      Venue of this removal is proper under 28 U.S.C. §§ 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending.

## DIVERSITY OF CITIZENSHIP

6.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332.

7.      Plaintiff is a domestic company so its citizenship for diversity purposes is determined by where its principal place of business is. The Plaintiff, Friendship Baptist Church of San Antonio, alleges it is a domestic company based in Bexar County, Texas. *See* Exhibit 1, Original Petition paragraph 3. Thus, Plaintiff is a resident of Texas.

8.      Defendant Church Mutual Insurance Company is a wholly owned subsidiary of Church Mutual Holding Company, a mutual stock company organized under the laws of Wisconsin, which has its principal place of business in Merrill, Wisconsin.  See 28 U.S.C. §§ 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).  Thus, Church Mutual Insurance Company is a citizen of Wisconsin.

## AMOUNT IN CONTROVERSY

9.      There is now—and there was at the time of commencement of this lawsuit—complete diversity of citizenship among the parties and the amount in controversy is in excess of the jurisdictional minimum of this court.

10.      Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional minimum, removal is proper.  *White v. FCI U.S.A., Inc.*, 319 F. 3d 672, 675-676 (5th Cir. 2003).  A defendant can meet this burden if it is "facially apparent" from the petition that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F. 3f 720, 723 (5th Cir. 2002).

11.      In this case, Plaintiff alleges actual damages of more than $588,000, in addition to various statutory damages and penalties, court costs, expenses, prejudgment interest, and attorneys' fees. As such, the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees.

12.     Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and this case is within this Court's removal jurisdiction pursuant to 28 U.S.C. § 1441 (a) and

## NOTICE OF FILING NOTICE OF REMOVAL

123     In accordance with 28 U.S.C. § 1446(d), Defendant has filed a copy of this Notice with the Clerk of the 225th Judicial District Court of Bexar county, Texas, to effect this removal.

WHEREFORE, Defendant hereby removes this action to this Court for all future proceedings and trial.

Respectfully submitted,

**SPENCER FANE, LLP**

By*: /s/ John G. Browning*
    John G. Browning
    Texas Bar No. 03223050
    5700 Granite Parkway, Ste. 650
    Plano, Texas 75024
    (972) 324-0320 (Telephone)
    (972) 324-0301 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**CHURCH MUTUAL INSURANCE**
**COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing Notice of Removal has been forwarded via ECF and electronic mail, on this the 21st day of February, 2022 to the following:

Shaun Hodge
Katherine C. Hairfield
Jahan Guram
Hodge Law Firm, PLLC
1301 Market Street
Galveston, Texas 77550
shodge@hodgefirm.com
khairfield@hodgefirm.com
jguram@hodgefirm.com

*/s/ John G. Browning*
John G. Browning

FILED
1/13/2022 4:59 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 225th District Court

EXHIBIT 1
Case 5:22-cv-00155-DAE    Document 1    Filed 02/21/22    Page 6 of 23

CIT CML



CAUSE NO. **2022CI00772**

| | | |
|---|---|---|
| **FRIENDSHIP BAPTIST CHURCH OF SAN ANTONIO** *Plaintiff,* | § § § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § § | **_____JUDICIAL DISTRICT** |
| **CHURCH MUTUAL INSURNACE COMPANY** *Defendant* | § § § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Friendship Baptist Church of San Anotnio (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Church Mutual Insurance Company ("Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.  Plaintiff, Friendship Baptist Church of San Antonio is a domestic company based in Bexar County, Texas.

3.  Defendant, Church Mutual Insurance Company, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State

of Texas. Defendant may be served with process by serving its registered agent at **CORPORATION SERVICE COMPANY, 211 E 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701.**

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

5.  The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6.  Venue is proper in Bexar County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.  Plaintiff is the owner of Texas insurance policy 0121109-02-128298 (hereinafter the "Policy"), which was issued by Defendant.

8.  Plaintiff owns the insured property, which is specifically located at 935 Iowa Street, San Antonio, Texas 78203 (hereinafter the "Property").

9.  Defendant sold the Policy insuring the Property to Plaintiff.

10. On or about April 13th, 2021, a wind/hailstorm caused extensive damage to the insured Property.

11. Plaintiff submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the storm event. Upon information and belief, Defendant assigned number 1397102 to the claim.

12. Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13. Defendant inspected the property and did not find significant applicable, covered damages. Based on these findings and after applying the relevant deductible, they did a payment in the amount of $11,053.98 to Plaintiff for the damages.

14. While this claim was pending, further damage to the Property occurred on or about February 16th, 2021, during a statewide deep freeze.

15. Due to their treatment throughout this process, Plaintiff felt it necessary to contract with Brenda Macfarlane of the Claims Lady, a licensed public adjuster, to conduct an objective inspection.

16. Ms. Macfarlane found the Property suffered actual damages in the amount of $588.386.13 from these covered loses. She attempted to coordinate with Defendant to remedy these discrepancies to no avail.

17. Defendant, on multiple occasions, failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

18. Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the

Property, Plaintiff's claim was improperly adjusted.  The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiff have yet to receive the full payment to which they are entitled under the Policy.

19.    As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

20.    To date, Defendant continues to delay in the payment for the damages to the property.  As such, Plaintiff have not been paid in full for the damages to the Property.

21.    Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

22.    Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

23.    Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendant's conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

24.     Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

25.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

26.     Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

27.     Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and

requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

28.    Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

29.    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

30.    From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31.    Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

32.    As a result of Defendant's wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

33.    Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

34.    The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

35.    Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

36.    Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

37.    The Defendant's breach proximately caused Plaintiff's injuries and damages.

38.    All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39.    Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

40.    Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff's material facts relating to the coverage at issue, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

41.    Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

42.    Defendant's unfair settlement practices, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

43.    Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

44.    Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

45.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

47.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

48.     Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

49.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

50.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51.     The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

52.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known

by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

53. Defendant's conduct proximately caused Plaintiff's injuries and damages.

## **VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT**

54. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

55. Plaintiff is "consumer[s]" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

56. The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

    a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

    b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

    d) Generally engaged in unconscionable courses of action while handling the Claim; and/or

    e) Violated the provisions of the Texas Insurance Code described herein.

57. The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff's detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant

committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times

Plaintiff's damages for economic relief.

## COMMON LAW FRAUD

58.    Defendant is liable to Plaintiff for common law fraud.

59.    Each and every one of the representations, as described above, concerned material facts for

the reason that absent such representations, Plaintiff would not have acted as they did, and

which Defendant knew were false or made recklessly without any knowledge of their truth

as a positive assertion.

60.    The statements were made with the intention that they should be acted upon by Plaintiffs,

who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury

and constituting common law fraud.

61.    The Defendant knowingly or recklessly made false representations as to material facts

and/or knowingly concealed all or part of material information from Plaintiff with the intent

of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits.  The

Defendant allowed Plaintiff to use this information, or lack thereof, in justifiable reliance

in accepting the denial and/or underpayment.  Plaintiff relied upon said statements in

accepting the denial and/or underpayment of the Claim and suffered injury as a result.

## DAMAGES

62.    Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of

Defendant's conduct.  Plaintiff respectfully request the Court and jury award the amount

of loss Plaintiff have incurred in the past and will incur in the future.  There are certain

elements of damages to be considered separately and individually for the purpose of

determining the sum of money that would fairly and reasonably compensate Plaintiff for

injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

63.    Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

64.    The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

65.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

66.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times actual damages. TEX. INS. CODE §541.152.

67.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

68.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

69.    For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

70.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

71.    For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

72.    Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

73.    Plaintiff's request a jury trial and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's First Amended Petition*.

## REQUEST FOR DISCLOSURE

74.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## **PRAYER**

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

[Signature Page to Follow]

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
Katherine C. Hairfield
Texas Bar No. 24117833
khairfield@hodgefirm.com
Jahan Guram
Texas Bar No. 24118917
jguram@hodgefirm.com
The Hodge Law Firm, PLLC
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kendal McLaughlin on behalf of Shaun Hodge
Bar No. 24052995
kmclaughlin@hodgefirm.com
Envelope ID: 60812946
Status as of 1/13/2022 5:03 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Becky A.Bethscheider | | bbethscheider@hodgefirm.com | 1/13/2022 4:59:36 PM | SENT |
| Kendal McLaughlin | | kmclaughlin@hodgefirm.com | 1/13/2022 4:59:36 PM | SENT |
| Jahan VGuram | | jguram@hodgefirm.com | 1/13/2022 4:59:36 PM | SENT |
| Shaun WHodge | | shodge@hodgefirm.com | 1/13/2022 4:59:36 PM | SENT |

EXHIBIT A

**CAUSE NO. 2022CI00772**

| | | |
|---|---|---|
| **FRIENDSHIP BAPTIST CHURCH OF SAN ANTONIO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | |
| | § | **OF BEXAR COUNTY, TEXAS** |
| **CHURCH MUTUAL INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **DEFENDANT.** | § | **225TH JUDICIAL DISTRICT** |

### DEFENDANT CHURCH MUTUAL INSURANCE COMPANY'S
### NOTICE OF REMOVAL

Please take notice that on February 21, 2022, Defendant Church Mutual Insurance Company filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the above-captioned action from the 225th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. A true and correct file-stamped copy of the Notice of Removal filed with the Western District of Texas, San Antonio Division is attached hereto as Exhibit 1.

Please take further notice that, upon filing the Notice of Removal with the Clerk of the United States District Court for the Western District of Texas, and filing copies thereof with the Bexar County District Clerk, the Defendant has effected removal and the 225th Judicial District Court of Bexar County, Texas, shall proceed no further in this action unless and until the case is remanded pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,


By: */s/ John G. Browning*
    JOHN G. BROWNING
    State Bar No. 03223050
    jbrowning@spencerfane.com

    SPENCER FANE, LLP
    5700 Granite Parkway, Ste. 650
    Plano, Texas 75024
    (972) 324-0320 (Telephone)
    (972) 324-0301 (Telecopier)

    **ATTORNEYS FOR DEFENDANT
    CHURCH MUTUAL INSURANCE
    COMPANY**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing Defendant's Notice of Notice of Removal has been forwarded via ECF on this the 21st day of February, 2022 to the following:

    Shaun Hodge
    Katherine C. Hairfield
    Jahan Guram
    Hodge Law Firm, PLLC
    1301 Market Street
    Galveston, Texas 77550
    shodge@hodgefirm.com
    khairfield@hodgefirm.com
    jguram@hodgefirm.com


    */s/ John G. Browning*
    John G. Browning